IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MARY McGHEE, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Civil Action No.: 1:18-cv-1554 |
| | ) |
| **TALLADEGA CITY BOARD OF EDUCATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Aristotle once said, "The roots of education are bitter, but the fruit is sweet."[1] He meant that study can be tedious but that the student eventually reaps the rewards of his hard work.

This case features both education and bitterness—but not of the Aristotelian kind. It centers on a multi-year conflict involving members of the Talladega City Board of Education and two mothers in the Talladega City School System, Sandra Beavers and Debra Wilson. Plaintiffs Beavers and Wilson have filed a Third Amended Complaint that includes two identical counts, one pleaded on each Plaintiff's behalf: "Constitutional and Civil Rights Pursuant to Violation of First Amendment Freedom of Speech, Due Process[,] and Equal Protection." (Doc. 48).

The matter now comes before the court on Defendants' two motions to dismiss. (Docs. 49, 51). Defendants Talladega City Board of Education, James "Jake" Montgomery, Chuck Roberts, James Braswell, and Shirley Simmons-Sims seek dismissal of the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 49). Defendants contend that (1) the complaint is an improper

---

[1] 1 Diogenes Laërtius, *Lives of Eminent Philosophers* 461 (v. 22) (R.D. Hicks ed. 1925). Although modern scholars are critical of Diogenes' work, *Lives of Eminent Philosophers* is one of the most comprehensive sources for the history of ancient Greek philosophy and the maxims of ancient Greek philosophers.

shotgun pleading; (2) the complaint fails to set forth facts to support the claims with requisite specificity and does not state a plausible claim for relief; (3) Plaintiff Beavers has failed to state a claim for violation of constitutional rights; (4) Plaintiff Wilson does not have a viable substantive due process claim; (5) Plaintiffs' equal protection claims fail; (6) Plaintiffs Beavers and Wilson have failed to state a First Amendment claim; (7) Claims against the board members in their official capacity are due to be dismissed; and (8) Claims against the board members in their individual capacity are due to be dismissed. (*Id.*).

Defendant Tony Ball incorporates Defendants Talladega City Board of Education, James "Jake" Montgomery, Chuck Roberts, James Braswell, and Shirley Simmons-Sims's Motion to Dismiss and seeks dismissal of the Third Amended Complaint under largely the same argument: that Plaintiffs fail to state a claim pursuant to Rule 12(b)(6). (Doc. 51). Mr. Ball, however, adds an additional ground for dismissal: lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (*Id.*). Defendant Ball contends that 1) Plaintiffs' Third Amended Complaint constitutes an impermissible shotgun pleading; 2) Plaintiffs do not state a viable claim against Mr. Ball; 3) Plaintiffs have not pleaded a viable due process claim, as no constitutional right exists to public education nor to participate in interscholastic athletics or a gifted program; 4) Plaintiffs have not alleged any viable procedural due process violation; 5) Plaintiffs have not identified any comparator that would support their race-based equal protection claim; 6) Plaintiffs have not stated a viable claim under the First Amendment; and 7) Plaintiffs' official capacity claims against Mr. Ball are redundant of their claims against the Board. (*Id.*).

In the interest of efficiency, the court addresses both motions to dismiss in this single memorandum opinion.

Plaintiffs filed one response to Defendants' motions to dismiss. (Doc. 52). Defendants Talladega City Board of Education, James "Jake" Montgomery, Chuck Roberts, James Braswell, and Shirley Simmons-Sims filed a reply brief, and Defendant Tony Ball filed a separate reply brief. (Docs. 55, 56). The motions are now ripe for review. For the reasons set forth below, the court DISMISSES WITH PREJUDICE Plaintiffs' substantive due process claims, Ms. Beavers's procedural due process claim, and Plaintiffs' official capacity claims against Defendant board members and Mr. Ball for failure to state a claim upon which relief can be granted. The court DISMISSES WITHOUT PREJUDICE Plaintiffs' remaining claims and grants Plaintiffs a final opportunity to amend their Complaint in compliance with Federal Rules of Civil Procedure 8(a)(2), 8(d)(1), and 10(b) and the Eleventh Circuit's directive against shotgun pleadings.

**I. Factual Background**

The Talladega City Board of Education is a five-person body that oversees and manages four elementary schools, a junior high school, and a high school in Talladega, Alabama. The events leading to this lawsuit began in September 2016 when Mary McGhee, a Talladega City Board of Education member and former Plaintiff in this case, made a comment in a Board meeting about a Talladega High School employee being on the payroll for a position that he did not hold. (Doc. 1-1). Upset by the insinuation, the employee filed a complaint, which led to Ms. McGhee being formally censured and reprimanded by the rest of the Board. (Doc. 1). At a subsequent board meeting, in March 2017, Ms. McGhee's speaking privileges at Board meetings were revoked in response to the incident and her refusal to apologize for her comments. (*Id.*). Amidst these tensions, Defendant Tony Ball was hired as the new superintendent for the Talladega City Board of Education in June 2018. (*Id.*). Plaintiffs in this case opposed his hiring.

3

In September 2018, Ms. McGhee, along with Plaintiffs Sandra Beavers and Debra Wilson, brought suit against the Board, its members, and Mr. Ball. (Doc. 1). They brought constitutional claims and challenged Mr. Ball's hiring under Alabama state law. (*Id.*). Ms. McGhee has since settled her claims.[2] (Docs. 41–42). The court entered an Order of Dismissal of Ms. McGhee's claims on December 10, 2019. (Doc. 43).

Plaintiffs Sandra Beavers's and Debra Wilson's claims now remain. Ms. Beavers is the mother of a former student athlete, and Ms. Wilson is the mother of a current gifted student in the Talladega City School System. (Doc. 48). After litigation in this case began, Ms. Beavers became a member of the Talladega City Board of Education. In their Third Amended Complaint, Ms. Beavers and Ms. Wilson allege that Defendants Talladega City Board of Education, Board of Education members James "Jake" Montgomery, Chuck Roberts, James Braswell, and Shirley Simmons-Sims, and Superintendent Tony Ball "implement[ed] a scheme to limit [Plaintiffs'] rights and privileges" as parents of children in the Talladega City School System. (*Id.*).

In their Third Amended Complaint, Plaintiffs Beavers and Wilson state that they "contested the hiring of Defendant Ball by the Defendant Board." (Doc. 48). Plaintiffs allege that their "political opposition" to Mr. Ball's hiring, as well as racial discrimination, led to actions against their sons. Plaintiffs Beavers and Wilson's Third Amended Complaint is meandering and difficult to follow, but the facts they set out are as follows.

A. Sandra Beavers

Sandra Beavers alleges that because of her protest activities and because of his race, her

---

[2] Ms. McGhee's name remains on the case caption, as she was an original party to the case.

son, C.B, was prevented from playing basketball on the Talladega High School basketball team. (Doc. 48). According to the Third Amended Complaint, C.B. started playing for the Talladega High School basketball team during the 2015–2016 academic year, was a "stellar athlete," and was recruited by several colleges. (*Id.*). At some point, he was removed from the team—the complaint is vague as to when and by whom. (*Id.*).

Ms. Beavers states that she tried to appeal the decision about her son's playing on the team but that she was denied a meeting by Mr. Ball and the Board. (Doc. 48). She also states that C.B.'s father met with Mr. Ball but was not given a reason for C.B.'s removal nor was the decision reversed. (*Id.*). Ms. Beavers alleges that Defendants' alleged actions "denied her son's access to an athletic scholarship." (*Id.*).

B. Debra Wilson

Debra Wilson alleges that because of her "political opposition" to Mr. Ball's hiring and because of his race, her son, J.W., a gifted student, was punished. (Doc. 48). She asserts that in his gifted class, "rules were promulgated for the J.W. [sic] in which demeaning tasks" were assigned to J.W.—tasks such as taking heavy trash bags to trashcans outside the school building and being "made to sign in and out of class" when other students were not required to do so. (*Id.*).

Ms. Wilson states that she requested a meeting with the Special Education Coordinator but was denied one by Defendants. (Doc. 48). Instead, employees allegedly met to discuss her concerns without her. (*Id.*). On March 21, 2019, Ms. Wilson and her husband obtained a meeting at their son's school, but Ms. Wilson states that a "school resource officer and other police officers . . . were called in an effort to intimidate" them. (*Id.*).

Lastly, Ms. Wilson asserts that the Talladega City School System violated the Alabama Gifted Education Plan and that her son was forced to attend summer school because of it. (*Id.*). She alleges that J.W's grades have suffered because of Defendants' actions. (*Id.*).

**II. Standards of Review**

    A. Rule 12(b)(1)

Defendant Tony Ball challenges Plaintiffs' invocation of subject matter jurisdiction. Under Rule 12(b)(1), a defendant may challenge subject matter jurisdiction factually or facially. *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

> A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.

*Id.* at 1232–33 (internal quotations and citations omitted).

Plaintiffs invoke Section 1331 of Title 28 of the United States Code, under which district courts have federal question jurisdiction. That section provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

    B. Rule 12(b)(6)

Defendants also challenge the legal sufficiency of Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). Under that rule, a defendant may question whether a plaintiff has "stated a claim upon which relief can be granted." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiffs are not required to provide "detailed factual allegations" in their pleadings. They are required, however, to provide "more than the unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. To be plausible on its face, a claim must contain enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Supreme Court has identified "two working principles" for district courts to use when considering motions to dismiss. First, when evaluating motions to dismiss, although the court must assume the veracity of the well-pleaded factual allegations, it does not have to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Second, when evaluating motions to dismiss, district courts are to draw upon their "judicial experience and common sense" to determine if the complaint states a plausible claim. *Iqbal*, 556 U.S. at 679. The court must be able to "infer more than the mere possibility of misconduct." *Id*. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

C. Shotgun Pleading

Defendants also contend that Plaintiffs' complaint constitutes a shotgun pleading. Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading. Rule 8(a)(2) instructs pleaders to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) instructs that "each allegation must be

7

simple, concise, and direct . . . ." Fed. R. Civ. P. 8(d)(1). The purpose of Rule 8 is to provide a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 10(b) of the Federal Rules of Civil Procedure sets forth the form of pleadings, requiring that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and also instructing that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "wreak havoc on the judicial system" by "divert[ing] already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation and citation omitted).

The Eleventh Circuit has frequently condemned shotgun pleadings and has roughly divided them into four categories: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) complaints that do "not seperat[e] into a different count each cause of action or claim for relief"; and (4) complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which

of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23. According to the Eleventh Circuit, "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

### III. Discussion

The court will first address Defendant Ball's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), will then consider whether Plaintiffs' Third Amended Complaint sinks to the level of a shotgun pleading, and will then determine whether any claims should be dismissed at this stage under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

#### A.    Subject Matter Jurisdiction

In his Motion to Dismiss Plaintiffs' Third Amended Complaint, Defendant Tony Ball requests that the court dismiss claims against him pursuant to both Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. (Doc. 51). Because the motion is unique and because the court must always check jurisdiction, the court DENIES Mr. Ball's Rule 12(b)(1) motion first.

A Rule 12(b)(1) motion to dismiss questions a court's subject matter jurisdiction over a case. Fed. R. Civ. P. 12(b)(1). When a defendant challenges a court's subject matter jurisdiction, he can do so by "facial or factual attack." *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008). With a factual attack, the court must consider extrinsic material; with a facial attack, the court must consider only whether, if all the allegations are taken as true, the plaintiff adequately alleged a basis of subject matter jurisdiction. *Id.* at 1232–33.

9

Mr. Ball has made a facial attack on Plaintiffs' Complaint but has offered no explanation as to why the court lacks subject matter jurisdiction. Plaintiffs have brought their claims under the United States Constitution and 42 U.S.C. §§ 1983 and 1985. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs have sufficiently alleged a basis of subject matter jurisdiction in raising constitutional and federal statutory claims and thus Mr. Ball's motion to dismiss under Rule 12(b)(1) is DENIED.

B.  Shotgun Pleading

A shotgun pleading fails to give a defendant adequate notice of the claims against him and the factual bases for those claims. *Weiland v. Palm Beach*, 792 F.3d 1313, 1323 (11th Cir. 2015). All Defendants contend that Plaintiffs' Third Amended Complaint constitutes an improper shotgun pleading. The court agrees.

As described above, the Eleventh Circuit generally recognizes four types of shotgun complaints. Plaintiffs' Third Amended Complaint falls into three of these categories: it is conclusory and vague; it fails to separate counts; and it does not say which defendants are responsible for which bad act.

*Category II*

Complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" are shotgun pleadings. *Weiland*, 792 F.3d at 1322. Plaintiffs' Third Amended Complaint is such a complaint. The court offers a few examples of conclusory and vague facts with which the complaint is riddled.

In ¶¶ 3 and 4, Plaintiffs vaguely assert that the "Defendant Board of Education, its

10

members[,] and the Superintendent . . . implement[ed] a scheme to limit [Plaintiffs'] rights and privileges." (Doc. 48). In ¶15, Ms. Beavers recounts her son's being "prevented" from playing basketball at Talladega High School but fails to identify when her son was removed from the school basketball team or by whom. In ¶17, Ms. Beavers concludes that Defendants' actions "denied her son's access to an athletic scholarship." In his Motion to Dismiss, Defendant Ball points out that Plaintiff Beavers "provides no context for [her] allegations." (Doc. 51). The court agrees.

Ms. Wilson offers similarly vague and conclusory facts, alleging, for example, in ¶19, that "rules were promulgated" for her son without providing any further details as to which defendants promulgated such rules and how, and in ¶33 that Defendants forced her son to attend summer school. (Doc. 48). Plaintiffs offer little context for their allegations, and the court finds that Plaintiffs' Third Amended Complaint falls into Category II of shotgun pleadings.

*Category III*

Complaints that do "not seperat[e] into a different count each cause of action or claim for relief" are shotgun pleadings. *Weiland*, 792 F.3d at 1323. Plaintiffs' Third Amended Complaint contains two identical counts, one asserted on behalf of each Plaintiff, separately entitled: "Constitutional and Civil Rights Pursuant to Violation of First Amendment Freedom of Speech, Due Process[,] and Equal Protection." (Doc. 48). Plaintiffs have failed to separate their causes of action or to adequately explain facts as needed.

*Category IV*

Complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants

11

the claim is brought against" are notorious shotgun pleadings. *Weiland*, 792 F.3d at 1323. Throughout their complaint, Plaintiffs are vague as to which defendants—the Board, the board members in their individual capacities, or Superintendent Ball—are responsible for the various acts and omissions they allege.

In sum, Plaintiffs have failed to acknowledge and follow Eleventh Circuit directives on proper pleadings. These shortcomings prevent Defendants from having adequate notice as to the specific claims against them and the factual bases for each claim. Thus, the court DISMISSES the entire Third Amended Complaint WITHOUT PREJUDICE. The court GRANTS Plaintiffs a final opportunity to replead in a manner consistent with Rules 8(a)(2), (8)(d)(1), and 10(b) of the Federal Rules of Civil Procedure the Eleventh Circuit directive against shotgun pleadings.

  C. <u>Failure to State a Claim</u>

As an alternative basis and because Plaintiffs may take up the court's offer to amend their complaint one final time, the court next turns briefly to the legal sufficiency of Plaintiffs' claims against the Board, Board members, and Superintendent Tony Ball. In their Motion to Dismiss, Defendants Talladega City Board of Education, James "Jake" Montgomery, Chuck Roberts, James Braswell, and Shirley Simmons-Sims contend that Plaintiffs' Third Amended Complaint fails to set forth facts to support the claims with requisite specificity and does not state a plausible claim for relief, that Plaintiffs fail to state a claim for violation of constitutional rights, and that the claims against the board members in their official and individual capacities are due to be dismissed. (Doc. 49). Defendant Tony Ball makes similar arguments in his Motion to Dismiss and contends that Plaintiffs' official capacity claims against him are redundant of Plaintiffs' claims against the Board.

Because the court is providing Plaintiffs with a final opportunity to amend their complaint, the court will mostly forgo considering whether Plaintiffs set forth facts to support claims with requisite specificity and stated a plausible claim for relief in this Memorandum Opinion. The court reiterates that in their next amended complaint, Plaintiffs should break up their claims into separate counts, allege facts in support of each separate claim rather than make legal conclusions, and clearly identify the defendant against whom a claim is being brought. The court also reminds Plaintiffs that the Supreme Court set forth a relatively new federal pleading standard in 2009 in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and Plaintiffs should not cite cases preceding *Iqbal* in the future when discussing the standard of review for a motion to dismiss.

The court addresses Defendants' contentions under 12(b)(6) to the following extent: The court DISMISSES WITH PREJUDICE Plaintiffs' substantive due process claims, Plaintiff Beavers's procedural due process claim, and Plaintiffs' claims against the board members in their official capacities. Plaintiffs may move forward with their First Amendment and Equal Protection claims, as well as their claims against individual board members, if properly pleaded in the next amended complaint. Ms. Wilson may also proceed with her procedural due process claim if properly pleaded in the next amended complaint.

    1.    <u>Plaintiffs' Substantive Due Process Claims</u>

Plaintiffs bring their constitutional claims under 28 U.S.C. § 1983. To establish a § 1983 claim, a plaintiff must prove "1) violation of a constitutional right, and 2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiffs allege generally a violation of their due process rights without specifying whether their substantive or

procedural due process rights have been violated. (Doc. 48).

The Fourteenth Amendment instructs that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const., amend. XIV. "The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)).

Because no constitutional right arises to play interscholastic sports, receive a college scholarship, or participate in a gifted program, being denied the opportunity to play interscholastic sports, receive a college scholarship, or participate in a gifted program does not implicate substantive due process. Because Plaintiffs cannot establish a violation of their separate substantive due process rights, their substantive due process claims—to the extent that they may be alleged in the Third Amended Complaint—are due to be DISMISSED WITH PREJUDICE.

        a.        <u>Ms. Beaver's Substantive Due Process Claims</u>

Plaintiff Beavers alleges that her son's being removed from the Talladega High School basketball team and the loss of his college scholarship opportunity violated due process. However, Ms. Beavers's son, C.B., had no constitutional right to play high school basketball or to receive an athletic scholarship. The former Fifth Circuit has reasoned,

> For better or worse, the due process clause of the fourteenth amendment does not insulate a citizen from every injury at the hands of the state. Only those rights, privileges and immunities that are secured by the Constitution of the United States or some Act of Congress are within the protection of the federal courts. Rights, privileges and immunities not derived from the federal Constitution or secured thereby are left exclusively to the protection of the states. *The privilege of participating in interscholastic athletics must be deemed to fall in the latter category and outside the protection of due*

14

*process.*

*Mitchell v. Louisiana High School Athletic Association*, 430 F.2d 1155, 1157–58 (5th Cir. 1970)[3] (emphasis added) (quotation and citation omitted); *see also Marner ex rel. Marner v. Eufala City School Board*, 204 F. Supp. 2d 1318, 1324 (M.D. Ala. 2002) (holding that a student's being deprived of participating in extracurricular activities did not implicate constitutional rights).

Although no Eleventh Circuit law addresses the exact question of whether a constitutional right to receive a college athletic scholarship exists, a sister district court in Alabama has held that the opportunity to receive a college athletic scholarship is not a protected property right. *Taylor v. Alabama High School Athletic Ass'n*, 336 F. Supp. 54, 57 (M.D. Ala. 1972). In *Taylor*, the court looked back at the Fifth Circuit's decision in *Mitchell*. *See Taylor*, 336 F. Supp. at 57; *Mitchell*, 430 F.2d at 1157. The district court pointed out that in *Mitchell*, the Fifth Circuit cited with approval a Tenth Circuit decision involving an Oklahoma student athlete's claim that he had a property interest in receiving a college scholarship; the Tenth Circuit held that federal rights were not implicated. *Taylor*, 336 F. Supp. at 57; *see also Oklahoma High School Athletic Ass'n v. Bray*, 321 F.2d 269, 272 (10th Cir. 1963). The district court stated that the Fifth Circuit's approval of *Bray* "amount[ed] to a disapproval by the Fifth Circuit Court of Appeals of Plaintiffs' contention that their chances of obtaining college scholarships upon display of their athletic prowess at tournaments is a property right protected by the due process clause." *Taylor*, 336 F. Supp. at 57.

---

[3] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the Eleventh Circuit's establishment on October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

Finding the foregoing authority persuasive, the court DISMISSES WITH PREJUDICE Ms. Beavers's substantive due process claims, to the extent that they may be alleged.

### b. Ms. Wilson's Substantive Due Process Claims

Plaintiff Wilson alleges that Defendants "engaged in an ongoing pattern of behavior" that deprived her and her son, J.W., of their due process rights. However, Ms. Wilson's son, J.W., had no federal constitutional right to participate in a school gifted program. The Supreme Court has established that "public education is not a 'right' granted to individuals by the Constitution." *Plyer v. Doe*, 457 U.S. 202, 221 (1982). "The right to attend a public school is state-created, rather than a fundamental right for the purposes of substantive due process." *C.B. ex rel Breeding v. Driscoll*, 82 F.3d 383, 387 (11th Cir. 1996). If public education itself is not a fundamental right, it follows that a student's participating in a gifted program as part of his public education is not a fundamental right.

The court notes that although federal legislation recognizes that gifted students have special needs, no statutory right to gifted education exists either. *See* Jacob Javits Gifted and Talented Students Education Act, 20 U.S.C. § 7294. The Individuals with Disabilities Education Act (IDEA) provides certain rights to gifted students who also have a disability as outlined by the IDEA but also requires parents to exhaust several administrative remedies before filing a lawsuit. 20 U.S.C. §§ 1400–1482. Plaintiff Wilson has alleged no claim under federal statutory law.

Because Plaintiff Wilson brings no cause of action, the court DISMISSES WITH PREJUDICE Ms. Wilsons's substantive due process claim to the extent that it may be alleged.

### 2. Plaintiffs' Procedural Due Process Claims

As stated above, Plaintiffs allege generally a violation of their due process rights without

specifying whether their substantive or procedural due process rights have been violated. (Doc. 48). Substantive due process protects individuals from government interference with their constitutional rights. Procedural due process, on the other hand, protects individuals from *inadequate process* when the government interferes with a liberty or property interest. "The essence of [procedural] due process is the requirement that a person in jeopardy of serious loss (be given) notice of the case against him and an opportunity to meet it." *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (internal quotation and citation omitted).

In the Eleventh Circuit, "a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Students faced with "interference with a protected property interest must be given some kind of notice and afforded some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579 (1975).

 a. Ms. Beavers's Procedural Due Process Claims

Plaintiff Beavers alleges that her son's being removed from the Talladega High School basketball team and the loss of his college scholarship opportunity violated due process. As discussed above, Ms. Beavers's son had no liberty or property interest in participating in interscholastic athletics or in receiving a college scholarship. Because no liberty or property interest is involved, procedural due process is not implicated. Plaintiff Beavers brings no cause of action, and the court DISMISSES WITH PREJUDICE Ms. Beavers's procedural due process claims, to the extent that they may be alleged.

17

b. Ms. Wilson's Procedural Due Process Claims

Plaintiff Wilson alleges that Defendants "engaged in an ongoing pattern of behavior" that deprived her and her son, J.W., of their due process rights. Procedural due process is sometimes implicated with public education. When a state entitles its students to education, "the State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which may not be taken away . . . without adherence to the minimum procedures required by that clause." *Goss v. Lopez*, 419 U.S. 565, 574 (1975). To establish a procedural due process claim, Ms. Wilson must show that her son's participating in a gifted program was a protected property interest and explain why the process she received was inadequate. She has not done so. Thus, the court DISMISSES WITHOUT PREJUDICE Ms. Wilson's procedural due process claim but grants her the opportunity to replead her claim one final time.

3. Claims Against Board Members in Their Official Capacities

Plaintiffs bring claims against board members and Mr. Ball in their official capacities. (Doc. 48). This is unnecessary because Plaintiffs are also suing the Talladega City Board of Education. The Eleventh Circuit has ruled that it is unnecessary to sue local officials in their official capacities when the local government entity is being sued. "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Here, Plaintiffs bring suit against the Talladega City Board of Education. Their claims against the board members in their official capacities, as

18

well as against Mr. Ball in his official capacity, are duplicative and are thus DISMISSED WITH PREJUDICE.

## IV. Conclusion

For the reasons stated above, the court DISMISSES WITH PREJUDICE Plaintiffs' substantive due process claims, Ms. Beavers's procedural due process claims, and Plaintiffs' official capacity claims against Defendant board members and Mr. Ball for failure to state a claim for which relief can be granted. The court DISMISSES WITHOUT PREJUDICE Plaintiffs' remaining claims against all Defendants and grants Plaintiffs a final opportunity to amend their Complaint if they can do so in compliance with Federal Rules of Civil Procedure 8(a)(2), 8(d)(1), and 10(b) and the Eleventh Circuit's directive against shotgun pleadings.

If Plaintiffs choose to amend, they must file a Fourth Amended Complaint **on or before November 20, 2020.** Each count in the Fourth Amended Complaint should contain no more than one discrete claim for relief, and each count must also contain allegations of fact that support that discrete claim. Additionally, the claims should clearly specify which defendants they are brought against. The court warns Plaintiffs that this opportunity is the last chance to properly plead their case.

The court DENIES Mr. Ball's Motion to Dismiss under Rule 12(b)(1).

DONE and ORDERED this 30th day of October, 2020.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE